# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **EVANSTON INSURANCE COMPANY** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| **v.** § | **CIVIL ACTION NO. _____** |
| § | |
| **LLOYD ENGINEERING, INC.** § | |
| § | |
| *Defendant*. § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Evanston Insurance Company ("Evanston) files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§2201 and 2202 and respectfully shows:

### I. INTRODUCTION

1. This is an action for declaratory judgment to determine whether Evanston has a duty to defend or indemnify Lloyd Engineering, Inc., under a commercial general liability policy of insurance and a commercial excess policy for claims asserted by Aries Marine Corporation ("Aries Marine") and Dylan Rose in a lawsuit styled *Aries Marine Corporation v. Lloyd Engineering, Inc. et al.*, Cause No. 6:22-cv-998, filed in the United States District Court, Western District of Louisiana, Lafayette Division (the "Underlying Lawsuit").

### II. PARTIES

2. Plaintiff Evanston is an insurance company formed pursuant to the laws of Illinois, with a principal place of business in Illinois. Plaintiff is a citizen of the state of Illinois.

3. Defendant Lloyd Engineering, Inc. ("Lloyd Engineering") is a Texas Corporation authorized to do business in Texas and may be served at its registered agent, Joseph S. Lloyd, 6565 West Loop South, Suite 708, Houston, Texas 77401 or at any location it may be found.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has personal jurisdiction over Defendant because it is a citizen of Texas and resides in Harris County.

6. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides in the District.

### IV. THE UNDERLYING ACCIDENT AND LAWSUITS

7. Aries Marine was responsible for the management and operation of a self-elevating offshore supply vessel, the M/V Ram XVII (the "Vessel").

8. Lloyd Engineering entered into a Master Time Charter Agreement with Aries Marine on December 11, 2019. Lloyd Engineering also entered into a Boarding Agreement with Aries Marine on November 30, 2019.

9. Lloyd Engineering contracted with Tolunay-Wong Engineers, Inc. ("TWE") and chartered the Vessel from Aries Marine for TWE to perform geotechnical drilling and sampling for a planned construction project. TWE in turn contracted with Amdrill, Inc.

10. On December 20, 2019, the vessel was situated on the outer-continental shelf of the Gulf of Mexico. Dylan Rose ("Rose"), an employee of Amdrill, was injured while participating in boring and test sampling operations when he was struck in the leg by part of the equipment. Rose was evacuated to a hospital in Corpus Christi. Rose later underwent an amputation of his leg below the knee.

11. Rose filed suit in Lousiana state court naming Amdrill, Aries Marine, and TWE as defendants in a case styled *Dylan Rose v. Amdrill Inc., Aries Marine Corporation, Tolunay Wong Engineers, Inc.*, Cause No. C-2022-1886.

12. On April 14, 2022, Aries filed the Underlying Lawsuit in federal court in Lousiana, naming Lloyd Engineering and TWE as defendants.

13. In the Underlying Lawsuit, Aries Marine asserts that it made demands for defense and indemnity in the Dylan Rose lawsuit to Lloyd Engineering, which Lloyd Engineering refused to provide. Aries Marine also alleges that Lloyd Engineering was contractually obligated to procure insurance coverage naming Aries Marine as an additional insured, and to the extent Lloyd Engineering failed to do so, such failure constitutes a breach of contract.

14. Dylan Rose filed an answer and cross/third-party claims in the Underlying Lawsuit on June 13, 2022. Rose alleges negligence against Aries Marine, Lloyd Engineering, and TWE, which resulted in his bodily injuries.

V. **THE EVANSTON POLICY**

15. Evanston issued a commercial insurance policy, number 2AA319407, to Lloyd Engineering for the period August 25, 2019 through August 25, 2020. The policy provides liability coverage for bodily injury in the amount of $1,000,000 per occurrence.

16. The insuring agreement of Coverage A in the primary Commercial General Liability (CGL) Policy issued by Evanston provides as follows:

> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
> \* \* \*

    **b.**  This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**  The "bodily injury" or "property damage" occurs during the policy period. . . .

17.    The policy provides the following definitions relevant to the insuring agreement:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18.    The policy includes the following endorsement:

**EXCLUSION – EMPLOYER'S LIABILITY AND
BODILY INJURY TO CONTRACTORS OR SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM

A.    The Employer's Liability exclusion under Bodily Injury And Property Damage Liability is replaced by the following:

This insurance does not apply to:

Employer's Liability

"Bodily injury" to:

(1)    An "employee", "volunteer worker" or "temporary worker" of the insured arising out of and in the course of:

    (a)    Employment by the insured; or
    (b)    Performing duties related to the conduct of the insured's business;

(2)    Any other person who performs labor in any capacity for or on behalf of any insured, with or without any form of compensation; or

  (3) The spouse, partner, child, parent, brother, sister or any other relative of any person described in Paragraph (1) or (2) above as a consequence of Paragraph (1) or (2) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion applies to any liability assumed under an "insured contract".

B. The following exclusion is added to Bodily Injury And Property Damage Liability:

This insurance does not apply to:

Bodily Injury To Contractors Or Subcontractors

"Bodily injury" to any:

 (1) Contractor or subcontractor while working on behalf of any insured;

 (2) Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph (1) above;

 (3) Additional subcontractor, including the employees, volunteer workers, leased workers or temporary workers of such contractor or subcontractor indicated in Paragraph (1) above; or

 (4) Any other person who performs labor in any capacity for or on behalf of any person indicated in Paragraph (1), (2) or (3) above, with or without any form of compensation.

This exclusion applies:

  (a) Even if the claim against any insured alleges negligence or other wrongdoing in the:

    (i) Selection, hiring or contracting;

    (ii) Investigation;

    (iii) Supervision or monitoring;

    (iv) Training; or

    (v) Retention

      of any contractor or subcontractor for whom any insured is or was legally responsible and whose acts or omissions would be excluded by Paragraph (1), (2), (3) or (4) above.

  (b) Whether the insured may be liable as an employer or in any other capacity;

  (c) To any obligation to share damages with or repay someone else who must pay damages because of the injury; and

  (d) To liability assumed by the insured under an "insured contract".

All other terms and conditions remain unchanged.

19. The policy also includes the following exclusion for contractual liability[1]:

This insurance does not apply to:

**Breach of Contract**

Claims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied-in-fact contract.

**VI. COUNT ONE: DECLARATORY JUDGMENT – EVANSTON OWES NO DUTY TO DEFEND LLOYD ENGINEERING DUE TO THE EXCLUSION FOR INJURY TO CONTRACTORS AND SUBCONTRACTORS**

20. The foregoing Paragraphs 1 through 19 are incorporated herein by reference.

21. There is no coverage for Lloyd Engineering for the claims asserted in the Underlying Lawsuit by either Aries Marine or Dylan Rose under the CGL insurance policy. In its original complaint, Aries Marine alleges that Rose was (1) employed by Amdrill, Inc. at the time of the accident; (2) Amdrill was a subcontractor of TWE, and (3) TWE was a subcontractor of Lloyd Engineering. Likewise, Dylan Rose also alleges in his crossclaim/third-party complaint that he was employed by Amdrill at the time of his accident. The facts alleged in the Underlying Lawsuit fall within the exclusion for Employer's Liability and Bodily Injury to Contractors and Subcontractors. The exclusion specifically excludes coverage for injury to any "(1) Contractor or

---

[1] Added by Combination General Endorsement MEGL 0001 08 14

subcontractor while working on behalf of any insured; or (2) Employee, volunteer worker, leased worker or temporary worker of such contractor or subcontractor indicated in Paragraph (1) above." In addition, the exclusion applies to "liability assumed by the insured under an 'insured contract.'" Accordingly, Evanston does not owe a duty to defend Lloyd Engineering for the claims asserted by Aries Marine and Dylan Rose in the Underlying Lawsuit.

### VII. COUNT TWO: DECLARATORY JUDGMENT – EVANSTON OWES NO DUTY TO INDEMNIFY LLOYD ENGINEERING DUE TO THE EXCLUSION FOR BODILY INJURY TO CONTRACTORS AND SUBCONTRACTORS

22. The foregoing Paragraphs 1 through 21 are incorporated herein by reference.

23. The exclusion for bodily injury to contractors and subcontractors precludes coverage for the allegations made in the Underlying Lawsuit, and as a result, the exclusion precludes any duty on the part of Evanston to indemnify Lloyd Engineering in the Underlying Lawsuit for the claims asserted by Aries Marine and Dylan Rose.

### VIII. COUNT THREE: DECLARATORY JUDGMENT – EVANSTON OWES NO DUTY TO DEFEND LLOYD ENGINEERING DUE TO THE BREACH OF CONTRACT EXCLUSION

24. The foregoing Paragraphs 1 through 23 are incorporated herein by reference.

25. Aries Marine alleges that Lloyd Engineering breached its contract with it by (1) failing to defend and indemnify Aries Marine for the claims asserted by Dylan Rose, and (2) failing to procure insurance that would cover the claims asserted against Aries Marine. Evanston has no duty to defend Lloyd Engineering for these breach of contract claims asserted by Aries Marine due to the policy exclusion for breach of contract.

### IX. COUNT FOUR: DECLARATORY JUDGMENT – EVANSTON OWES NO DUTY TO INDEMNIFY LLOYD ENGINEERING DUE TO THE BREACH OF CONTRACT EXCLUSION

26. The foregoing Paragraphs 1 through 25 are incorporated herein by reference.

27. The policy exclusion for breach of contract precludes any duty of Evanston to indemnify Lloyd Engineering for the breach of contract claims asserted against it by Aries Marine.

### X. RESERVATION REGARDING AMENDMENT

28. Plaintiff reserves the right to amend this action as necessary and to include any additional claims that may be made.

### XI. Prayer

29. Evanston seeks a declaration pursuant to 28 U.S.C. § 2201 that Defendant Lloyd Engineering has no coverage for the incident that is the subject of the Underlying Lawsuit and that Evanston has no duty to defend or indemnify Lloyd Engineering for the claims brough by Aries Marine or Dylan Rose in the Underlying Lawsuit.

WHEREFORE, Plaintiff Evanston Insurance Company prays for judgment declaring that it owes no duty to defend or indemnify Lloyd Engineering, Inc. against the claims in the Underlying Lawsuit, and for such other and further relief, at law or in equity, to which it may be justly entitled.

        Respectfully submitted,

        TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

        */s/ Stephen A. Melendi*
        Stephen A. Melendi Attorney-In-Charge
        Texas Bar No. 24041468
        Southern District Bar No. 38607
        stephenm@tbmmlaw.com
        Frank M. Kennedy
        Texas Bar No. 00787820
        Southern District Bar No. 19144
        frankk@tbmmlaw.com
        2811 McKinney Avenue, Suite 250
        Dallas, Texas 75204
        Telephone:    214-665-0100
        Facsimile:    214-665-0199
        **ATTORNEYS FOR PLAINTIFF**
        **EVANSTON INSURANCE COMPANY**